Local Form 3015-1 (05/19)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Virginia Elaine Mockros**
**Edward Arnold Mockros**

Case No. **18-60599**
CHAPTER 13 PLAN ☑ Modified
Dated: **August 27, 2019**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☑ Included | ☐ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1 As of the date of this plan, the debtor has paid the trustee $ **2,450.00** .
2.2 After the date of this plan, the debtor will pay the trustee $ **350.00** per **Month** for **49** months, **beginning in September 2019**, for a total of $ **17,150.00** . The initial plan payment is due not later than 30 days after the order for relief.
2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **0.00** .
2.5 The debtor will pay the trustee a total of $ **19,600.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **1,960.00** [line 2.5 x .10]

**Part 4.    ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C))** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly Payment | Number of payments | Total Payments |
|---|---|---|---|---|
| 4.1 | OneMain Financial | | | *$140.00 |
| 4.2 | OneMain Financial | | | **$100.00 |
| | TOTAL | | | $240.00 |

**\*Paid One Main Financial: $140.00**

**\*\*Paid One Main Financial: $100.00**

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

**Part 6. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

|     | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|-----|----------|-------------------|-----------------|----------------------|--------------------|----------------|
| 7.1 | **Freedom Mortgage Corporation** | $178.15 | | | | $178.15 |
|     | TOTAL    |                   |                 |                      |                    | *$178.15 |

**\*Paid Freedom Mortgage Corp: $178.15**

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|     | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|-----|----------|-------------------|------------------------|-----------------|----------------------|--------------------|----------------|
|     | -NONE-   |                   |                        |                 |                      |                    |                |
|     | TOTAL    |                   |                        |                 |                      |                    | $0.00 |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amount except for secured claims of govern-mental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

|     | Creditor | Claim amount | Secured Claim | Int. rate | Beginning in month # | Monthly payment | X Num of pmts. | = Plan pmts | + Adq. Pro. from Part 4 | Total payments |
|-----|----------|--------------|---------------|-----------|----------------------|-----------------|----------------|-------------|--------------------------|----------------|
| 9.1 | **OneMain Financial (2012 Ford Flex)** | $15,151.60 | $7,000.00 | 0 | 1 | $ 125.76 | 49 | $6,860.00 | $140.00 | *$7,000.00 |
| 9.2 | **OneMain Financial (2013 Kia Soul)** | $10,549.27 | $5,000.00 | 0 | 1 | $ 89.83 | 49 | $4,900.00 | $100.00 | **$5,000.00 |
|     | TOTAL    |              |               |           |                      |                 |                |             |                          | $12,000.00 |

**\*Paid One Main Financial: $698.03**

**\*\*Paid One Main Financial: $498.60**

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

|     | Creditor | Claim amount | Int. rate | Beginning in month # | Monthly payment | X Num of pmts | = Plan payments | + Adq. Pro. from Part 4 | Total payments |
|-----|----------|--------------|-----------|----------------------|-----------------|---------------|-----------------|--------------------------|----------------|
|     | -NONE-   |              |           |                      |                 |               |                 |                          |                |
|     | TOTAL    |              |           |                      |                 |               |                 |                          | $0.00 |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|      | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|------|----------|-----------------|-----------------|----------------------|--------------------|----------------|
| 11.1 | Attorney Fees | $3,000.00 | $99.48 | 1 | 24 | $3,000.00 |
| 11.2 | Attorney Fees (Post) | $750.00 | $93.75 | 25 | 8 | $750.00 |
| 11.3 | Internal Revenue Service | $633.04 | Pro rata | Pro rata | Pro rata | $633.04 |
| 11.4 | MN Dept of Revenue | $184.91 | Pro rata | Pro rata | Pro rata | $184.91 |
|      | TOTAL |  |  |  |  | $4,567.95 |

**\*Paid Attorney Fees: $612.48**

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|   | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|----------|-----------------|-----------------|----------------------|--------------------|----------------|
|   | -NONE-   |                 |                 |                      |                    |                |
|   | TOTAL    |                 |                 |                      |                    | $0.00          |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS —** In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows:  **-NONE-**
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

|   | Creditor | Estimated claim | Interest Rate (if any) | Monthly Payment | Beginning in Month # | Number of Payments | Total payments |
|---|----------|-----------------|------------------------|-----------------|----------------------|--------------------|----------------|
|   | -NONE-   |                 |                        |                 |                      |                    |                |
|   | TOTAL    |                 |                        |                 |                      |                    | $0.00          |

**Part 14. TIMELY FILED UNSECURED CLAIMS —** The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $  **893.90**   [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1   The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $ **13,700.87**  .

14.2   The debtor estimates that the debtor's total unsecured claims (excluding those in Part 9 and 13) are $ **28,801.22**  .

14.3   Total estimated unsecured claims are $ **42,502.09**   [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CREDITORS —** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|   | Creditor | Description of Property (including complete legal description of real property) |
|---|----------|----------------------------------------------------------------------------------|
|   | -NONE-   |                                                                                  |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| **17.1** | **One Main Financial: Creditor will release liens upon payment of the secured portion of the creditor's claim and debtor's discharge.**<br><br>**Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Part 14 above.**<br><br>**A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**<br><br>**The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**<br><br>**Late filed claims are subject to objection per 11 U.S.C. §502(b)(9).**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.**<br><br>**All secured creditors being paid direct (outside the Chapter 13 plan) on the plan shall, upon confirmation of the plan, send debtor(s) monthly statements and are authorized to speak to debtor about post-petition payments.** |
| **17.2** | |

| Class of Payment | | Amount to be paid |
|---|---|---:|
| Payments by trustee [Part 3] | $ | **1,960.00** |
| Home mortgages in Defaults [Part 7] | $ | **178.15** |
| Claims in Default [Part 8] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ | **12,000.00** |
| Secured claims excluded from § 506 [Part 10] | $ | **0.00** |
| Priority Claims [Part 11] | $ | **4,567.95** |
| Domestic support obligation claims [Part 12] | $ | **0.00** |
| Separate classes of unsecured claims [Part 13] | $ | **0.00** |
| Timely filed unsecured claims [Part 14] | $ | **893.90** |
| TOTAL (must equal line 2.5) | $ | **19,600.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed:    **/s/ Wesley W. Scott**
          **Wesley W. Scott 0264787**
          Attorney for debtor or debtor if pro se

Signed:    **/s/ Virginia Elaine Mockros**
          **Virginia Elaine Mockros**
          Debtor 1

Signed:    **/s/ Edward Arnold Mockros**
          **Edward Arnold Mockros**
          Debtor 2 (if joint case)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re: Case No. 18-60599

Virginia Elaine Mockros
Edward Arnold Mockros,

        Debtors.

---

**UNSWORN CERTIFICATE OF SERVICE**

---

     I, Sonja K. Quaintance, declare under penalty of perjury that on August 28, 2019 she caused to be served the Notice of Hearing and Motion, Memorandum in Support of Debtors Motion for Post-Confirmation Modification and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.


Dated: August 28, 2019                                      /e/ Sonja K. Quaintance
                                                                                  Sonja K. Quaintance
                                                                                  Kain & Scott, P.A.

BLUECROSS
PO BOX 64560
SAINT PAUL MN 55164

CAPITAL ONE
ATTN: BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130

CENTRACARE
425 ELM STREET NORTH
SAUK CENTRE MN 56378

CENTRACARE HEALTH
PO BOX 927830
SAN DIEGO CA 92192

CHRISTINA WEBER
7650 CURRELL BLVD 300
SAINT PAUL MN 55125

CITIBANK/SEARS
CENTRALIZED BANKRUPTCY
PO BOX 790034
ST LOUIS MO 63179

CITICARDS
CITICORP CREDIT SERVICES/ATTN: CENTRALIZ
PO BOX 790040
SAINT LOUIS MO 63179

CLEARBALANCE
PO BOX 927830
SAN DIEGO CA 92192

COMENITY BANK/KING SIZE
ATTN: BANKRUPTCY
PO BOX 182125
COLUMBUS OH 43218

CREDIT FIRST NATIONAL ASSOC
ATTN: BK CREDIT OPERATIONS
PO BOX 81315
CLEVELAND OH 44181

CREDIT ONE BANK
ATTN: BANKRUPTCY
PO BOX 98873
LAS VEGAS NV 89193

DISCOVER FINANCIAL
PO BOX 3025
NEW ALBANY OH 43054

FINGERHUT
ATTN: BANKRUPTCY
PO BOX 1250
SAINT CLOUD MN 56395

FREEDOM MORTGAGE CORPORATION
ATTN: BANKRUPTCY
PO BOX 50428
INDIANAPOLIS IN 46250

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101-7346

MCCALLA RAYMER
1544 OLD ALABAMA RD
ROSWELL GA 30076

MERRICK BANK/CARDWORKS
ATTN: BANKRUPTCY
PO BOX 9201
OLD BETHPAGE NY 11804

MN DEPT OF REVENUE
ATTN: DENISE JONES
PO BOX 64447
SAINT PAUL MN 55164

MN UNEMPLOYMENT INSURANCE
ATTN: BANKRUPTCY DEPARTMENT
PO BOX 4629
SAINT PAUL MN 55101

NATIONSTAR MORTGAGE LLC
BANKRUPTCY DEPARTMENT
350 HIGHLAND DRIVE
LEWISVILLE TX 75067-4177

ONEMAIN FINANCIAL
ATTN: BANKRUPTCY
601 NW 2ND STREET
EVANSVILLE IN 47708

PORTFOLIO RECOVERY
PO BOX 12914
NORFOLK VA 23541

SILVER SCRIPT INSURANCE CO.
PO BOX 504849
SAINT LOUIS MO 63150-4849

SYNCHRONY BANK/ JC PENNEYS
ATTN: BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896

SYNCHRONY BANK/WALMART
ATTN: BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896

TARGET
ATTN: BANKRUPTCY DEPT TARGET CARD SERVIC
PO BOX 9475
MINNEAPOLIS MN 55440

WESTERN ALLIANCE BANK
PO BOX 927830
SAN DIEGO CA 92192-7830

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re
**Virginia Elaine Mockros**
**Edward Arnold Mockros**
Debtor(s).

Case No. 18-60599

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☑ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☑ OTHER (PLEASE DESCRIBE: __MOTION TO MODIFY POST-CONFIRMATION CHAPTER 13 PLAN__ )

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[Individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date Aug 13 2019

x /s/ Virginia Mockros
Signature of Debtor1 or Authorized
Representative

x /s/ Edward Mockros
Signature of Debtor 2

**Virginia Elaine Mockros**
Printed Name of Debtor 1 or
Authorized Representative

**Edward Arnold Mockros**
Printed Name of Debtor 2